[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is a habeas matter. The petitioner, Maceo "Troy" Streater, was the defendant in a criminal case, Docket No. CV 632-6268 (Judicial District of New Haven), charged with one count of murder, in violation of General Statutes, Section 53a-54a and one count of carrying a pistol without a permit, in violation of General Statutes, Section 29-35, in connection with the death on May 8, 1990, of Terrance Gamble.
A trial to a jury commenced on July 24, 1991, ending in a mistrial on August 13, 1991 after the jury reported it was unable to reach a verdict. A second trial began on January 19, 1993. On February 9, 1993 the petitioner was found guilty of murder and of carrying a pistol without a permit and on March 28, 1993, the petitioner received a total effective sentence of thirty five years imprisonment for said offense.
The petitioner appealed his conviction. The conviction was affirmed on December 13, 1994, State v. Streater,36 Conn. App. 345.
 II
In his amended petition for writ of habeas corpus, dated May 16, 1997, petitioner alleges his confinement is illegal, asserting a claim of actual innocence based on newly discovered evidence. The respondent's return was filed or May 28, 1997.
A hearing on the habeas petition opened on April 17, 1998, continued to May 18, 1998, June 23, 1998 and concluded on July 14, 1998, when both parties rested and closing argument was heard.
By letter dated July 16, 1998, the petitioner requested permission to withdraw his petition without prejudice. On December 11, 1998 a hearing on said request was held, following which the court denied the petitioner's request.
 III
At the trial which culminated in the petitioner's conviction, the witnesses included Carolyn Cheek, Joseph Preston and Donny Andrews. The newly discovered evidence alleged by the petitioner consists of statements made subsequently by these witnesses repudiating their testimony. Cheeks purportedly signed an affidavit to this effect on or about October 23, 1993. Andrews signed an affidavit on December 8, 1993 (Exhibit C), stating he CT Page 15254 lied at trial. Joseph Preston gave a taped statement on April 27, 1994, in the presence of the petitioner's trial lawyer, stating his testimony at the time of trial was coerced and not true. New evidence is that which "is not cumulative, was not available to the petitioner at his criminal trial, and could not have been discovered by him at the time by due diligence", Miller v.Commissioner of Correction, 242 Conn. 745, 789, fn. 29. The statements of Cheeks, Preston or Andrews would, if verified, qualify as newly discovered evidence under this definition.
At the time of the habeas hearing Carolyn Cheeks failed to appear. Both Joseph Preston and Donny Andrews did appear and testify at the habeas hearing.
 IV
In Miller v. Commissioner, supra, our Supreme Court has established the requisite standard of proof that must be met by a habeas petitioner who raises a claim of actual innocence.
First, taking into account both the evidence produced at trial and the evidence produced at the habeas hearing, the petitioner must persuade the habeas court, by clear and convincing evidence, as that standard is understood and applied in the context of such a claim, that the petitioner is actually innocent of the crime for which he stands convicted.
Second, the petitioner must establish that after considering all the evidence and the inferences drawn therefrom, as the habeas court did, no reasonable fact finder would find the petitioner guilty, Id. at 791, 792.
The Miller court emphasizes that the standard of proof, as applied to a habeas claim of actual innocence, is "a very demanding standard" and one that "forbids relief whenever the evidence is loose, equivocal or contradictory", Id. at 795 (citation omitted).
Measured against this standard, the court finds that the petitioner has fallen far short of meeting his burden of proof, for reasons discussed below.
 V
In his statement to the police, signed on May 15, 1990, CT Page 15255 Joseph Preston stated that he had witnessed the petitioner shoot Terrance Gamble on May 8, 1990. At the time of trial Preston identified the petitioner as the one he, Preston, saw shoot Terrance Gamble. His testimony was clear and unequivocal. At the time of the habeas hearing, Preston testified that he had witnessed Terrance Gamble being shot and killed, that at the time he believed that the petitioner was the shooter, but now he wasn't sure, wasn't 100% sure, was doubting his own testimony, did not find himself a credible witness, couldn't say whether the petitioner did or didn't do it. Preston stated he hadn't had enough time at the time of habeas hearing to look back on the whole case. When asked which was the truth, his trial testimony or his habeas testimony, he answered, "I don't know." The court had the opportunity to observe Preston's demeanor as he testified at the habeas hearing. He appeared evasive, fearful, most uncomfortable. Preston had difficulty recalling events both distant in time and recent. He could not remember whether Terrance Gamble was riding a bicycle at the time he was shot. He could not recall conversations he had on the day of his habeas testimony. Preston's habeas testimony was extraordinarily loose, equivocal and contradictory. The court did not find Preston's habeas testimony credible.
Donny Andrews also testified at the habeas hearing. Andrews maintained that he lied at the time of trial because he was being pressured, harassed by the police department, the prosecutor's office, by a lot of people. That was why he had testified that the petitioner shot Gamble. A review or the trial transcript, however, reveals that Andrews did not testify he saw the petitioner shoot Gamble. Andrews, in stoutly maintaining he testified falsely that he witnessed the petitioner shoot Gamble, undermined his own credibility. His testimony was loose, equivocal and contradictory and ultimately unpersuasive.
 VI
The petitioner has failed to persuade this court, by clear and convincing evidence, that the petitioner is actually innocent of the crime for which he stands convicted. The petitioner has failed to establish, by clear and convincing evidence, that after considering all the evidence produced at trial and at the habeas hearing, and the inferences drawn therefrom, as did the habeas court, no reasonable factfinder would find the petitioner guilty.
Accordingly, the relief requested is denied and the petition CT Page 15256 is dismissed.
By the Court
Downey, J.